## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HEALTHCARE RECRUITERS LLC d/b/a UNITED NURSING INTERNATIONAL** | * <br> * <br> * <br> * | **CIVIL ACTION NO: 22-2322-WBV-KWR** |
| | * | **DISTRICT JUDGE: VITTER** |
| **vs.** | * <br> * | |
| | * | **MAGISTRATE JUDGE: ROBY** |
| **ACCOUNTABLE HEALTHCARE STAFFING, INC.** | * <br> * <br> * | |

---

### AMENDED NOTICE OF REMOVAL

---

NOW COMES Accountable Healthcare Staffing, Inc. ("AHS"), who removed this action on July 26, 2022 from the 41st Judicial District Court, Parish of Orleans, State of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (R. Doc. 1).  In support of its removal, and pursuant to this Court's Order dated September 1, 2022 (R. Doc. 15), AHS submits the following Amended Notice of Removal:

### INTRODUCTION

1.

On May 25, 2022, Plaintiff, Healthcare Recruiters, LLC ("HCR"), filed a "Petition" in the Civil District Court for the Parish of Orleans, in an action entitled *HEALTHCARE RECRUITERS LLC (dba United Nursing International) v. ACCOUNTABLE HEALTHCARE STAFFING, INC.*, 41st Judicial District Court, No. 2022-04679, Div. L, Section 6.  In accordance with 28 U.S.C. §§

1446(a), AHS attaches a copy of the trial court record, including but not limited to all process, pleadings, and orders served upon it, as Exhibit A.

**THIS NOTICE OF REMOVAL IS TIMELY FILED**

2.

On July 5, 2022, National Registered Agents, Inc., the registered agent for AHS was served with process. AHS filed its original Notice of Removal on July 26, 2022. (R. Doc. 1). The removal was timely filed under 28 U.S.C. §§ 1446(b)(2)(B), as it has been filed in this Court within thirty (30) days of service upon AHS. No previous application for removal has been made. This case is removed less than one year after commencement of the state court action in compliance with 28 U.S.C. §§ 1446(c)

**BASIS FOR SUBJECT MATTER JURISDICTION**

3.

Removal of this suit is proper because it is an action in which this Court has original jurisdiction under 28 U.S.C. §§ 1332(a), as it is an action between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1441(a).

**COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

4.

Plaintiff herein is a Louisiana limited liability company. Citizenship of a limited liability company is determined by the citizenship of each of its members. *Seguin v. Remington Arms Co., L.L.C.*, 22 F.4th 492, 494 (5th Cir.2022). When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be.

*Roy O. Martin Lumber Co., LLC v. Hartford Steam Boiler Inspection & Inc. Co.,* Civil Action No. 2:11-cv-804, 2012 WL 1596715, at *3 (W.D. La. May 4, 2012).  The Santam Limited, LLC, a California limited liability company ("Santam"), is the sole member of HCR.  A copy of HCR's filings with the Louisiana Secretary of State are attached hereto as Exhibit B.  The Brar Family Trust ("BFT"), is the sole member of Santam.  A copy of Santam's filings with the California Secretary of State are attached hereto as Exhibit C.   Although there are no "shareholders," nor members[1] of the BFT – it is a California trust and is "owned" by its individual Co-Trustees, Kaldeep Brar and Imelda Brar, who are both domiciled and citizens of California.[2]    Additionally, Imelda Brar is listed as the sole manager of HCR – the named plaintiff.[3]  Therefore, the co-owners, who are also the co-trustees of the BFT, with one controlling the asset of BFT (HCR) as manager, are the real parties in interest, whose citizenship should be considered for diversity purposes.  Further, the BFT has no beneficiaries that are citizens of Delaware or Florida.[4]  Based upon the foregoing, for diversity purposes, and under the facts of this case, BFT, Santam, and HCR are citizens of California.[5]

---

[1]    Based upon HCR's discovery responses, it appears BFT has no members and/or no members who would have an interest in HCR.  See Exhibit D, Response to Interrogatories Nos. 5 and 6.  Further, based upon said response, there would be no other real parties with an interest in the litigation or HCR.

[2]    See Exhibit D, HCR's Response to Interrogatories Nos. 3 and 4.

    AHS also requested a copy of the BFT documents relating to its structure, organization, formation, beneficiaries, and shareholders.  However, HCR objected to the request and did not produce any documents in response to said request.  See Exhibit D, Response to Request for Production No. 2.

[3]    Exhibit B, pp. 8 and 10.

[4]    See Exhibit D, HCR's Response to Interrogatory No. 4.

[5]    Out of an abundance of caution, should this Court find that the citizenship of the BFT be determined by its beneficiaries, HCR's discovery responses, while not specifically revealing who the beneficiaries are, or their citizenship, do affirmatively set forth that none of the beneficiaries "are citizens of Delaware or Florida." See Exhibit D, Response to Interrogatory No. 4.  Should this Court require that the beneficiaries be

5.

Defendant herein, AHS, is a corporation.   For purposes of diversity jurisdiction, the citizenship is determined by considering its state of incorporation and principal place of business. 28 U.S.C. §§ 1332(c)(1); See also *Smith v. Toyota Motor Corp.*, 978 F.3d 280, 282 (5th Cir.2020). AHS is a Delaware corporation with its principal place of business in Florida.   Thus, AHS is considered a citizen of Delaware and Florida.

6.

Complete diversity exists between the parties in this action.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, EXCLUSIVE OF INTEREST AND COSTS**

7.

In its Petition, HCR alleges damages in the amount of $455,655.83.   See Exhibit A, Petition, ¶¶ 6, 16, and the prayer for relief.   Thus, based upon HCR's allegations, it is apparent from the face of HCR's Petition that the amount in controversy exceeds $75,000.00.

**PROCEDURAL REQUIREMENTS**

8.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where this suit was originally filed.   Therefore, venue is proper in this Court under 28 U.S.C. § 98(a) and 28 U.S.C. § 141(a).

---

specifically identified, and their domicile and/or citizenship specifically plead, AHS requests that this Court permit it to conduct a discovery conference with HCR regarding its response to Interrogatory No. 4 and further amend this notice, or in the alternative, this Court issue an order directing HCR to identify the beneficiaries of the BFT and to further identify each beneficiaries' domicile.

9.

In accordance with 28 U.S.C. § 1446(d), AHS promptly gave written notice of filing its Notice of Removal to all adverse parties and filed a copy of this Notice of Removal with the Clerk of Court for the Civil District Court for the Parish of Orleans on July 26, 2022.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit E.

10.

If any question arises as to the propriety of the removal of this action, AHS respectfully requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this action is properly removable.

11.

AHS files this Notice of Removal without waiving its rights to assert any objection, exceptions, defenses, and/or counterclaims to HRC's Petition available under state or federal law.

12.

AHS reserves the right to supplement and/or amend this Notice of Removal.

WHEREFORE, Accountable Healthcare Staffing, Inc., prays that this Notice of Removal be deemed sufficient and that this civil action proceed in this Honorable Court.

Respectfully submitted:

OTTINGER HEBERT, L.L.C.

s/Ryan P. McAlister
J. Michael Fussell, Jr., Bar Roll No. 29870
mfussell@ohllc.com
Ryan P. McAlister, Bar Roll No. 37788
rmcalister@ohllc.com
P. O. Drawer 52606
1313 West Pinhook Road (70503)
Lafayette, Louisiana 70505-2606
Telephone: (337) 232-2606

Facsimile:  (337) 232-9867

*Counsel for Accountable Healthcare Staffing, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Amended Notice of Removal* has been delivered to all counsel of record via electronic mail on this 8th day of September, 2022

<u>    *s/Ryan P. McAlister*     </u>
Ryan P. McAlister