**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **HEALTHCARE RECRUITERS LLC d/b/a UNITED NURSING INTERNATIONAL** | * | **CIVIL ACTION NO: 22-2322-WBV-KWR** |
| | * | |
| | * | |
| | * | **DISTRICT JUDGE: VITTER** |
| | * | |
| **vs.** | * | |
| | * | **MAGISTRATE JUDGE: ROBY** |
| **ACCOUNTABLE HEALTHCARE STAFFING, INC.** | * | |
| | * | |
| | * | |

---

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, comes defendant Accountable Healthcare Staffing, Inc. ("AHS"), who responds to the Petition filed by Healthcare Recruiters LLC d/b/a United Nursing International ("HCR") as follows:

## ANSWER

Defendant denies all allegations in the Petition except for those specifically admitted, as follows:

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

The allegations of this paragraph constitute a legal conclusion to which no response is

required.  Further, the allegations of this paragraph describe written documents and their alleged contents.  Defendant submits that such written documents are the best evidence of their contents. The allegations of this paragraph are denied to the extent that they differ from what is provided in the written documents.

5.

The allegations of this paragraph describe written documents and their alleged contents. Defendant submits that such written documents are the best evidence of their contents.  The allegations of this paragraph are denied to the extent that they differ from what is provided in the written documents.

6.

Denied.

7.

The allegations of this paragraph describe written documents and their alleged contents. Defendant submits that such written documents are the best evidence of their contents.  The allegations of this paragraph are denied to the extent that they differ from what is provided in the written documents.

8.

The allegations of this paragraph describe written documents and their alleged contents. Defendant submits that such written documents are the best evidence of their contents.  The allegations of this paragraph are denied to the extent that they differ from what is provided in the written documents.

9.

The allegations of this paragraph describe written documents and their alleged contents.

Defendant submits that such written documents are the best evidence of their contents. The allegations of this paragraph are denied to the extent that they differ from what is provided in the written documents.

10.

The allegations of this paragraph describe written documents and their alleged contents. Defendant submits that such written documents are the best evidence of their contents. The allegations of this paragraph are denied to the extent that they differ from what is provided in the written documents.

11.

The allegations of this paragraph constitute a legal conclusion to which no response is required. AHS admits that HCR did provide staffing for the various LCMC facilities.

12.

Defendant denies the allegations in Paragraph 12 of the Petition for lack of knowledge and information sufficient to justify a belief therein.

13.

Defendant denies the allegations of Paragraph 13 as stated. AHS expressly denies the amount allegedly due and owing from AHS to HCR.

14.

AHS denies there are "payment shortages" due and owing. AHS admits that it has held discussions with HCR regarding HCR's alleged claims.

15.

The allegations and terms in Paragraph 15 are vague and susceptible to numerous meanings. Therefore, out of an abundance of caution, the allegations in Paragraph 15 are denied.

16.

The allegations of this paragraph describe written documents and their alleged contents. Defendant submits that such written documents are the best evidence of their contents.  AHS expressly denies that the books of HCR are accurate and expressly denies that $455,655.83 is due and owing by AHS to HCR.  AHS further avers that any alleged claims by HCR were not timely submitted to AHS.

17.

Denied.

18.

The allegations of this paragraph describe written documents and their alleged contents. Defendant submits that such written documents are the best evidence of their contents.  The allegations of this paragraph are denied to the extent that they differ from what is provided in the written documents.

19.

Denied.

20.

The remainder of the Petition, beginning with the word "WHEREFORE" constitutes a prayer for specific relief to which no response is required. To the extent a response is required, Defendant denies the relief as requested, and specifically denies any and all wrongdoing.

## AFFIRMATIVE DEFENSES

### First Defense

The allegations in the Petition fail to state a claim upon which relief can be granted.

Second Defense

Plaintiff has failed to mitigate its damages.

Third Defense

Plaintiff's action is barred by the doctrines of equity, waiver, estoppel, ratification, laches, unclean hands and/or acquiescence.

Fourth Defense

Plaintiff's claims are barred by previous transactions or compromises between the parties.

Fifth Defense

Defendant pleads the provisions of all contracts and other agreements (if any) with Plaintiff or their predecessors-in-title, as if copied *verbatim* and *in extenso* herein.

Sixth Defense

Defendant has not breached any express or implied term of any agreement with Plaintiff, including any agreements described in the Petition.

Seventh Defense

Plaintiff has suffered no harm or loss due to any conduct or omission of Defendant, and its demand for relief would result in its own unjust enrichment at the expense of Defendant.

Eight Defense

Plaintiff's claims and/or damages (if any) were caused by Plaintiff's own negligence.

Ninth Defense

Defendant pleads detrimental reliance.

Tenth Defense

On September 18, 2019, AHS entered into Statement of Work with HCR (the "SOW"). Per the terms of the SOW, AHS was obligated to, and did, submit periodic reports of transactions

ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM

evidencing the amounts that would be billed to the third party clients on HCR's behalf. As agreed to, and expressed in the SOW, HCR was obligated to review the reports and, if it determined any potential error or omissions were present in the report, submit a writing within thirty-six (36) hours from the date of the report and provide a reasonably complete description of the potential error or omission, and where appropriate, include supporting documentation. Further, any error or omission received later than thirty (30) days from the date of services provided by HCR were not reviewable and constituted a waiver of HCR's ability to collect for such services. The amounts allegedly due, as alleged by HCR, were not properly submitted to AHS, any of its affiliates or agents, within the delays expressed in the SOW. As such, HCR waived its right to collect the amounts it now seeks in its Petition.

Eleventh Defense

Per the SOW, AHS' obligation to pay any amounts to HCR arises only after AHS receives payment from the third-party customer. AHS has never received payment from the third-party customer(s) for some or all the amounts HCR now claims are past due and owing from AHS.

Twelfth Defense

To the extent that Plaintiff is entitled to any relief, which at all times is denied by Defendant, Defendant asserts its right to recoupment, compensation, set-off, or offset.

Defendant reserves the right to plead any other defenses, including affirmative defenses, that may be brought to light during the discovery process and/or this litigation.

**REQUEST FOR RELIEF**

Based upon the foregoing answers and affirmative defenses, Defendant prays that after due proceedings had, the demands of Plaintiff be dismissed with full prejudice and at its costs,

ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM

and for such other legal and equitable relief as the Court shall deem necessary and proper.

## COUNTERCLAIM AND THIRD-PARTY DEMAND

AND NOW, appearing herein as counterclaimants, pursuant to Fed. R. Civ. P. 13(g) comes Accountable Healthcare Staffing, Inc. ("AHS"), defendant in the above captioned case. AHS files its counterclaim against Healthcare Recruiters LLC d/b/a United Nursing International ("HCR"), as follows:

### PARTIES

1.

Counterclaimant, AHS, is a Delaware corporation with its principal place of business in Florida.  For diversity purposes, AHS is a citizen of Delaware and Florida.

2.

Made counter-defendant herein is HCR, a Louisiana limited liability company, who, for diversity purposes, is a citizen of California.  (See R. Doc. 16, Paragraph 4).

### JURISDICTION

3.

This Honorable Court has jurisdiction over this action under 28 U.S.C § 1332(a), since this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

### VENUE

4.

Venue is proper before this Honorable Court pursuant to 28 U.S.C. § 1391.

ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM

GENERAL ALLEGATIONS AND CLAIM

5.

The counterclaims herein arise out of the same transactions and/or occurrences that are the subject matter of HCR's original petition.

6.

In 2019, AHS and HCR entered into that certain agreement titled "Statement of Work Louisiana Children's Medical Center d/b/a LCMC" (the "SOW").

7.

On November 19, 2021, HCR filed suit against AHS in the 15th Judicial Circuit Court, Palm Beach County, Florida, wherein HCR asserted the same or similar claims it now asserts against AHS in the above captioned litigation (the "Florida Litigation").

8.

An agreement was reached between counsel for the parties in the Florida Litigation to dismiss the suit without prejudice.  As part of the agreement, AHS reserved its rights, in the event HCR filed suit in another venue, to seek recovery of AHS' attorneys' fees arising from the Florida Litigation.  Counsel for HCR acknowledged this reservation in an email dated April 21, 2022.

9.

On or about May 25, 2022, HCR filed its Petition in Orleans Parish, Louisiana encompassing the same or similar claims as the Florida Litigation.  HCR expressly asserts that it is entitled to $455,655.83 from AHS arising from services provided pursuant to the SOW.  AHS expressly denies such amount is due and owing.

ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM

10.

The SOW provides that the prevailing party in a suit arising out of, or relating to, the SOW is entitled to recover costs incurred by such party, including reasonable attorney's fees and expenses and court costs.

11.

As $455,655.83 is not due and owing, and upon a judgment holding same, AHS is entitled to recover its reasonable attorneys' fees and expenses and court costs pursuant to the SOW, to include attorneys' fees arising in the above captioned litigation, as well as the Florida Litigation.

WHEREFORE, AHS prays that, after due proceedings, the Court enter judgment in its favor and against Counter-Defendant HCR, awarding AHS reasonable attorneys' fees and expenses and court costs.

By Attorneys,

Respectfully submitted:

OTTINGER HEBERT, L.L.C.

s/Ryan P. McAlister

J. Michael Fussell, Jr., Bar Roll No. 29870
mfussell@ohllc.com
Ryan P. McAlister, Bar Roll No. 37788
rmcalister@ohllc.com
P. O. Drawer 52606
1313 West Pinhook Road (70503)
Lafayette, Louisiana 70505-2606
Telephone: (337) 232-2606
Facsimile:  (337) 232-9867

*Counsel for Accountable Healthcare Staffing, Inc.*

ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIM