UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HEALTHCARE RECRUITERS, LLC**  **CIVIL ACTION NO: 22-CV-2322**

**VERSUS**  **JUDGE DARREL JAMES PAPILLION**

**ACCOUNTABLE HEALTHCARE**  **MAGISTRATE JUDGE KAREN**
**STAFFING, INC.**  **WELLS ROBY**

## ORDER AND REASONS

Before the Court is a Motion for Appeal/Review of Magistrate Decision to District Court filed by Plaintiff Healthcare Recruiters, LLC ("Plaintiff"). R. Doc. 99. Defendant Accountable Healthcare Staffing Incorporated ("Defendant") opposes Plaintiff's motion. R. Doc. 105. For the reasons assigned below, Plaintiff's motion is **DENIED**.

## BACKGROUND

This case arises out of a contract dispute. Under the scheduling order and subsequent amendments to the scheduling order, the parties' discovery deadline was June 9, 2023. R. Docs. 17 and 41. On June 6, 2023, Plaintiff filed a Motion to Compel Discovery, which was referred to Magistrate Judge Roby. R. Doc. 78. Magistrate Judge Roby denied Plaintiff's motion as untimely, without addressing the merits because it was not filed in sufficient time, and because it was not filed on an expedited basis. R. Doc. 88. On June 30, 2023, Plaintiff filed the instant motion urging the Court to overrule Magistrate Judge Roby's Order. R. Doc. 99. The Court held oral argument on Plaintiff's motion on July 13, 2023. R. Doc. 114.

## LEGAL STANDARD

The Federal Magistrates Act permits a magistrate judge to issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party who objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous

or contrary to law." FED. R. CIV. P. 72(a). The court reviews the magistrate judge's legal conclusions *de novo* and her findings of fact under a clear error standard. *Spillers v. Chevron USA, Inc.*, No. 11-CV-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-CV-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542 (1948).

## ANALYSIS

"It is axiomatic that to complete discovery means that all disputes relative to discovery . . . must be filed and resolved prior to the discovery deadline." *La. Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, No. 22-CV-2398, 2023 WL 2185981, at *4 (E.D. La. Feb. 23, 2023) (collecting cases). This requires motions to compel "be resolved, not just filed, by the discovery deadline." *Id.* (quoting *Galliano Marine Serv., LLC v. Schumacher*, No. 17-CV-9868, 2018 WL 3970751, at *1 (E.D. La. June 4, 2018)) (internal quotations omitted). "Indeed, the Fifth Circuit has confirmed the district court's discretion to deny as untimely a motion filed after the discovery deadline." *Id.* (citing *Brand Servs., LLC v. Irex Corp.*, 909 F.3d 151, 156 (5th Cir. 2018)).

Plaintiff does not appear to dispute a motion to compel submitted for consideration after the discovery deadline is untimely. Plaintiff instead asks the Court to overrule the Magistrate Judge's Order because: (1) the parties had an unofficial agreement to extend discovery through July 11, 2023, and under this extension, Plaintiff's motion was timely; (2) neither the Federal Rules nor the Court's Local Rules explain that "timely" in the context of a motion to compel means filing the motion with sufficient time for the motion to be submitted to the Court; and (3) the Fifth Circuit requires procedural rules to be interpreted and implemented so as to promote fairness and justice.

2

None of these arguments, however, help Plaintiff carry the burden to show Magistrate Judge Roby erred in her finding that Plaintiff's motion to compel was untimely. Plaintiff filed its motion to compel on June 6, 2023, with a submission date of June 21, 2023, which was more than two weeks after the parties' June 9, 2023 discovery deadline. Under these facts, and under controlling law, the motion was untimely in the absence of a request for expedited consideration. Indeed, it appears the parties had an unofficial agreement among themselves to extend the discovery deadline through July 11, 2023. This agreement, however, was not formalized in a motion to extend the discovery deadline, and, as a result, is of no consequence when analyzing the timeliness of Plaintiff's motion to compel.[1] Plaintiff also argues fairness should have led Magistrate Judge Roby to consider the merits of Plaintiff's motion. The only question before the Court, however, is whether Magistrate Judge Roby's finding—that Plaintiff's motion was untimely—was legally incorrect. Plaintiff has not shown, and in fact, does not appear to even argue, its motion to compel was timely. It merely raises arguments as to why it was, in Plaintiff's estimation, inequitable for Magistrate Judge Roby to decline to address the merits of its motion. Magistrate Judge Roby did not err in denying Plaintiff's motion as untimely.[2] Accordingly, Plaintiff's appeal of Magistrate Judge Roby's Order is denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** Plaintiff's Motion for Appeal/Review of Magistrate Decision to District Court (Record Document 99) is **DENIED**.

---

[1] The Federal Rules allow scheduling orders to be amended with good cause and with the judge's consent, and, had Plaintiff sought an extension under the Federal Rules, this scenario, considering the lack of objection by Defendant at the time, likely could have been avoided. FED. R. CIV. P. 16(b). While the Court does not intend to discourage civility and professional courtesies between counsel, failing to secure official extensions of deadlines through the Court puts the parties, who lack the authority to adjust the Court's deadlines, at risk.

[2] Plaintiff also argues Magistrate Judge Roby's Order failed to conduct an analysis of whether the discovery deadline should be extended. Plaintiff did not, however, seek an extension of the discovery deadline in its motion, and did not address the factors necessary to show good cause under Federal Rule 16(b).

3

New Orleans, Louisiana this 3rd day of October 2023.

                                                  **DARREL JAMES PAPILLION**
                                                  **UNITED STATES DISTRICT JUDGE**