UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEALTHCARE RECRUITERS LLC d/b/a UNITED NURSING INTERNATIONAL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-2322** |
| **ACCOUNTABLE HEALTHCARE STAFFING, INC.** | **SECTION: "P" (4)** |

## ORDER

Before the Court is a **Motion for Sanctions (R. Doc. 82)** filed by the Defendant, Accountable Healthcare Staffing, Inc. ("Accountable"), on June 13, 2023, seeking an Order from this Court levying sanctions against Plaintiff, Healthcare Recruiters LLC d/b/a United Nursing International ("HCR"). The Motion is opposed. R. Doc. 87. The Motion was set for argument on July 12, 2023, until the Court determined the matter will be decided on the briefs. R. Doc. 103. Accountable filed a Reply. R. Doc. 95. HCR filed a supplemental memorandum. R. Doc. 119. For the following reasons, the Motion is **DENIED**.

### I. Background

#### A. Introduction

HCR filed this breach of contract action in the Civil District Court for the Parish of Orleans on May 25, 2022, asserting that Accountable failed to remit sufficient payment to HCR according to the terms of their agreement.[1] *See* Pet., R. Doc. 16-1 at 4. Accountable asserted diversity jurisdiction and the matter was ultimately removed on September 8, 2023.[2] *See* R. Doc. 16.

---

[1] Healthcare Recruiters LLC (dba United Nursing International) v. Accountable Staffing, Inc., 41st Judicial District Court, No. 2022-04679, Div. L, Section 6. In its Petition, HCR alleges damages in the amount of $455,655.83. *See* Pet. ¶ 6, R. Doc. 16-1 at 4.

[2] On July 27, 2022, the Court ordered Accountable to provide an amended notice of removal establishing the complete diversity of the parties. *See* R. Doc. 7. The Court granted Accountable's request for a thirty-day extension, and Accountable properly filed an amended notice of removal on September 8, 2022. *See* R. Docs. 8, 9, 15, 16.

1

HCR alleges that on August 27, 2019, HCR and Accountable entered into an agreement entitled "Supplier Agreement." R. Doc. 16-1 at 5. According to HCR, the agreement states that Accountable provides contingent labor- and supplier-managed services and that "from time to time [Accountable] requires assistance from contingent labor staffing providers, such as [HCR] in filling . . . Client's needs for specific contingent labor." *Id.* HCR alleges that Accountable retained HCR to provide "contingent labor staffing services" on an as-needed basis. *Id.*

Accountable retained HCR to provide clinical and/or non- clinical healthcare professional services or other non-clinical temporary workers ("Services") to Accountable's clients. *Id.* The Supplier Agreement indicated that the Services HCR provided to each of Accountable's clients would be memorialized in a Statement of Work ("SOW") specific to each client. *Id.*

On September 18, 2019, the parties entered a SOW as to Accountable's client, Louisiana Children's Medical Center and its member hospitals ("LCMC" or "Client").[3] R. Doc. 82-5 at 8. The SOW required the temporary workers provided by HCR to keep a time record of their work for LCMC. *Id.* (Article 2.1). Accountable used the time records to generate an invoice that Accountable sent to HCR. *Id.* at 9 (Article 4.1). Accountable made the time records available for HCR's review. *Id.* HCR was obligated to review the reports and, if it determined any potential error or omission in the report, notify Accountable in writing within thirty-six (36) hours from the date of the report and provide a reasonably complete description of the potential error or omission, and where appropriate, include supporting documentation. *Id.* (Article 4.1).

---

[3] The SOW outlines the Client as LCMC and its member hospitals, including Children's Hospital; Touro Infirmary; West Jefferson Holdings, LLC d/b/a West Jefferson Medical Center; Orleans Parish Hospital Service District A d/b/a New Orleans East Hospital; and University Medical Center Management Corporation d/b/a University Medical Center New Orleans and their affiliates. R. Doc. 82-5 at 8.

Accountable would reconcile any discrepancies sent by HCR, then send an invoice to LCMC on behalf of HRC for the work of HCR personnel. *Id.* at 9 (Article 4.2). Once LCMC paid Accountable for HCR's services, Accountable remitted that money to HCR less an agreed administrative fee of 5.25% retained by Accountable. *Id.* at 10 (Article 5). The SOW also stated that Accountable would have no obligation to pay HCR unless and until LCMC paid Accountable for HCR's services. *Id.* at 9 (Article 4.2).

HCR alleges that it staffed LCMC facilities from November 1, 2019 and "continuing into 2022." R. Doc. 16-1 at 6. HCR alleges that followed all the procedures in the SOW, but that Accountable failed to pay HCR for its services. *Id.* HCR filed suit on May 25, 2022.

### B. Initial Discovery

On September 23, 2022, the Court held a Scheduling Conference pursuant to Federal Rule of Civil Procedure 16 and entered the first Scheduling Order, which set the discovery deadline to April 3, 2023. R. Doc. 17 at 4. On February 24, 2023, Accountable sent its Second Set of Discovery Requests to HCR. Def.'s Ex. 4, R. Doc. 82-5.

Accountable filed a motion for summary judgment on March 22, 2023, alleging that HCR failed to produce baseline evidence showing it complied with the mandatory provisions of the SOW.[4] *See* R. Doc. 26.

On March 27, 2023, the parties confirmed availability for the Rule 30(b)(6) deposition of Ms. Theresa Lim, HCR's corporate representative. Def.'s Ex. 5 at 3-4, R. Doc. 82-6.

On March 28, 2023, Accountable indicated that HCR's responses to Accountable's second set of discovery requests were past due and requested that HCR provide the responses "today or

---

[4] The Motion remains pending.

tomorrow." R. Doc. 82-6 at 2. HCR provided responses to Accountable's second set of discovery requests via email on March 29, 2023. R. Doc. 86-2 at 1.

On March 31, 2023, HCR filed a motion to extend deadlines and continue the original trial date of June 21, 2023. R. Doc. 31. The Court held a telephone status conference and granted HCR's motion to extend deadlines and continue the trial date. R. Doc. 41. The Court amended the September 23, 2022 Scheduling Order extending the discovery deadline from April 4, 2023 to Friday, June 9, 2023. *Id.*

1. HCR's April 25, 2023 Motion to Compel Discovery (R. Doc. 53)

HCR filed a motion to compel discovery on April 25, 2023 ("April 25 Motion to Compel"). R. Doc. 53. HCR's "statement regarding results of Rule 37 Discovery Conference" indicates that the parties conferred via telephone on April 25, 2023.[5] R. Doc. 53-1 at 1. The parties do not dispute that at the April Rule 37 Conference, they agreed they would respond to discovery demands no later than May 15, 2023. *Id.*; R. Doc. 82-1 at 5. As the submission date for HCR's Motion was May 10, 2023, HCR simultaneously filed a request for expedited consideration of its Motion to Compel. R. Doc. 54. The Court denied both HCR's motions as premature on April 27, 2023.[6] R. Doc. 56.

---

[5] Accountable alleges that the Rule 37 conference occurred on April 5, 2023, not April 25, 2023. R. Doc. 82-1 at 5. The parties maintain this discrepancy throughout their filings, but do not disagree as to the results of the April Rule 37 Conference.

[6] The Court indicated that it was "left confused by" HCR's request: HCR had informed the Court that during the Rule 37 conference, counsel for both parties agreed that Accountable would produce full responses to the outstanding discovery referenced in HCR's Motion to Compel. R. Doc. 56. HCR asked the Court for an expedited ruling on its Motion to Compel but only if after May 15, HCR's counsel "advises the [undersigned] Judge in writing that [HCR] is not satisfied with [Accountable's] discovery responses as of that date." *See* R. Doc. 54. HCR asked the Court to "not spend any time on this Motion until after May 15" given the parties' mutually agreed upon deadline of May 15, 2023. R. Doc. 56.

4

On May 11, 2023, HCR indicated that its formal responses to Accountable's Second Set of Discovery Requests would be sent to Accountable and that HCR has "sent . . . all documents that we have been able to assemble."[7] Def.'s Ex. 6, R. Doc. 82-7.

2.    HCR's June 1, 2023 "Supplemental Memorandum" (R. Doc. 73)

On June 1, 2023, HCR sought leave to file a Supplemental Memorandum in Support of its April 25 Motion to Compel ("Supplemental Memorandum"), and for the first time attempted to formalize the previous oral requests for documents by listing in the Supplemental Memorandum fourteen categories of documents. *See* R. Docs. 73, 73-1.

Accountable sent a letter to HCR on June 2, 2023, responding to HCR's attempt to supplement. Def.'s Ex. 2, R. Doc. 82-3. Accountable's letter indicated that the Rule 37 Certification accompanying HCR's Supplemental Memorandum was inaccurate because the documents identified in the Supplemental Memorandum were not discussed during the Rule 37 Conference and had not been requested in writing. Def.'s Ex. 2, R. Doc. 82-3. Accountable stated that HCR first requested the documents at the deposition of Ms. Laurie Ramge, Accountable's corporate representative, on May 26, 2023. *Id.*

Accountable also indicated that HCR stated it would make discovery requests through the "normal means utilized in discovery." *Id.* at 2. Accountable stated that on May 12, 2023, HCR represented to Accountable that it had produced all responsive documents. *Id.* Accountable alleges that since May 15, 2023, HCR has made "at least five supplemental productions." R. Doc. 82-1 at 5. In all, Accountable alleges that HCR has made twenty (20) supplemental productions. *Id.*

---

[7] HCR also indicated that Accountable's discovery responses were due May 15, 2023, but because HCR's counsel was on vacation, Accountable did not need to submit discovery responses until Monday, May 22, 2023. *Id.*

5

On June 5, 2023, HCR replied to Accountable's June 2, 2023 letter via email. Def.'s Ex. 1 at 2, R. Doc. 82-2. HCR stated that Accountable was "apparently correct that the Court had dismissed as moot [HCR's] prior motion to compel" and that it would file its Supplemental Memorandum as a new motion to compel. *Id.* HCR also alleged that its prior discovery requests and motion to compel asked Accountable to produce "all documents" it would use in its defense. *Id.* HCR alleged that during the deposition of Ms. Ramge, it became clear that HCR did not have all the documents it previously requested from Accountable. *Id.* HCR set a Rule 37 Conference for 10:30 a.m. on Monday, June 12, 2023. *Id.*

Also on June 5, 2023, the Court denied HCR's request for leave to file its supplemental memorandum. R. Doc. 75.

On June 6, 2023, Accountable replied to HCR's June 5 email and indicated that HCR's Supplemental Memorandum included "14 discovery requests that were never propounded" on Accountable. Def.'s Ex. 1 at 1, R. Doc. 82-2. Accountable also indicated that it had thirty days to respond to HCR's requests, which meant that the deadline to respond would be June 26, 2023. *Id.* Accountable stated that having a Rule 37 conference prior to the deadline to respond to the discovery requests is "nonsensical." *Id.* Accountable asked HCR to identify the new discovery requests, specifically the discovery requests that HCR contended were encompassed by a previous discovery request. *Id.* Accountable also requested that HCR respond to Accountable's Third Set of Discovery Requests, which were allegedly propounded on May 1, 2023. *Id.*; *see also* Def.'s Ex. 11, R. Doc. 82-12 (HCR's Response to Accountable's Third Set of Discovery Requests). HCR's responses are undated. *Id.* at 9.

6

3. <u>HCR's Motion to Compel Discovery (R. Doc. 78)</u>

On June 6, 2023, HCR filed a Motion to Compel Discovery ("June 6 Motion to Compel"). R. Doc. 78. HCR certified that the parties conducted a Rule 37 conference on April 25, 2023, where Accountable agreed that it would further respond to HCR's March 9, 2023 discovery demands and produce the requested documentation no later than May 15, 2023. R. Doc. 78-2 at 1. On June 21, 2023, the Court denied HCR's Motion as untimely because it was filed three days before the June 9, 2023 discovery deadline.[8] R. Doc. 88.

In email correspondence exchanged on June 8, 2023, Accountable's counsel attached a Supplemental Notice of Corporate Deposition and reminded HCR's counsel of the "[s]pecial [i]nstructions located at the bottom of Exhibit A."[9] Def.'s Ex. 10 at 1, R. Doc. 82-11. On Friday, June 9, 2023, HCR's counsel indicated that HCR's response would be sent via email the same morning.[10] *Id.* HCR emailed its response to Accountable's Third Set of Discovery Requests at 12:15 p.m. on Friday, June 9, 2023. Pl.'s Ex. A at 1, R. Doc. 119-1. HCR alleges that Accountable filed the instant motion for sanctions one hour and twelve minutes later.[11] R. Doc. 119 at 3.

**D.     Corporate Depositions**

On May 12, 2023, HCR's counsel emailed Accountable's counsel indicating that Ms. Theresa Lim and Ms. Jennifer Dupuy would give testimony as HCR's corporate representatives. Def.'s Ex. 7, R. Doc. 82-8. HCR's counsel indicated that Accountable's Deposition Notice

---

[8] Accountable filed its own Motion to Compel discovery on June 9, 2023. R. Doc. 80. The Court denied it as untimely because it was filed three days before the June 9, 2023 discovery deadline. R. Doc. 85.

[9] The Supplemental Notice of Corporate Deposition referred to in this Exhibit was not provided to the Court.

[10] HCR alleges that Accountable's Counsel replied at 8:48 a.m. and indicated that Accountable "plan[s] to move forward with our motion." R. Doc. 119 at 2. However, none of the numerous supplemental materials or exhibits show the alleged 8:48 a.m. response from Accountable's counsel.

[11] However, HCR received electronic notice that Accountable filed the instant motion for sanctions on Tuesday, June 13, 2023. *See* R. Doc. 119-1 at 2. HCR's allegation is objectively incorrect.

7

included a request for HCR to produce documents or communications related to the noticed topics. *Id.* HCR also requested that Accountable produce documents that it wanted the corporate representatives to respond to. *Id.*

On Tuesday, May 18, 2023, Accountable emailed HCR's counsel and requested that HCR send Ms. Laurie Ramge, Accountable's corporate representative, documents for her review in advance of the corporate deposition May 26, 2023. Def.'s Ex. 8 at 1, R. Doc. 82-9. The request for documents included (1) all the documents that Accountable produced to HCR, including the documents Accountable allegedly produced on May 15, 2023; (2) all documents responsive to HCR's Re-Notice of Corporate Deposition, allegedly sent on May 1, 2023 and on May 18, 2023, and (3) specific documents from the "USDC proceeding." *Id.* HCR repeated this request to Accountable's counsel on May 23, 2023. *Id.* at 2.

Accountable deposed Ms. Theresa Lim as HCR's corporate representative on May 24, 2023. Def.'s Ex. 9, R. Doc. 82-10. When asked approximately how long Ms. Lim spent reviewing documents for her deposition, Ms. Lim testified that she spent "[a]bout an hour" reviewing the documents for her deposition. *Id.* at 3. Ms. Lim testified that she did not recall seeing HCR's Petition for damages against Accountable that was filed in Louisiana state court. *Id.* at 4.

### E. Instant Motion

On June 13, 2023, Accountable filed the instant motion for sanctions. Accountable seeks an order from this Court issuing sanctions under Federal Rule of Civil Procedure 11 against HCR for HCR's repeated failure to comply with the Federal Rules of Civil Procedure, filing numerous frivolous motions, unduly burdensome discovery, making false assertions of fact to this Court, and failing in good faith to resolve discovery disputes. Defendants also seek an order requiring Plaintiff

8

to pay within thirty days all of Defendants reasonable attorney's fees and costs related to the instant motion, prior discovery motions asserted by Plaintiff, and for all other just and equitable relief.

On June 14, 2023, HCR's counsel emailed Accountable's counsel. Def.'s Ex. 12 at 2, R. Doc. 95-1. HCR's counsel indicated that he did not request Ms. Ramge to review thousands of pages of documents. *Id.* HCR's counsel disputed that Ms. Lim testified that she spent more than one hour on her deposition. *Id.* at 3. HCR's counsel requested Accountable to withdraw both its Motion for Sanctions as well its Motion to Compel set for June 28. *Id.* HCR stated that the former was frivolous and the latter was moot. *Id.*

On June 19, 2023, HCR again requested that Accountable withdraw its Motion for Sanctions. *Id.* at 2. Accountable replied to HCR on the same day and stated that Accountable did not intend to withdraw its Motion for Sanctions and stated that the Motion is "well warranted, supported, and needed." *Id.* at 1.

HCR filed its opposition on June 20, 2023. R. Doc. 87. On June 23, 2023, the Court ordered that oral argument for this matter would be held on July 12, 2023. R. Doc. 82. Accountable filed its Reply on June 27, 2023. R. Doc. 95. Oral argument was cancelled on July 6, 2023. R. Doc. 103. HCR filed its supplemental memorandum on July 27, 2023. R. Doc. 119.

II. **Standard of Review**

Federal Rule of Civil Procedure 11 provides that when an attorney submits a pleading to the court, that person certifies that any representations made to the court (1) are not being presented for any improper purpose; (2) that the legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification, or reversal of the law; and (3) that any allegations made therein have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. FED. R. CIV. P. 11(b). Rule 11 "does

9

not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." FED. R. CIV. P. 11(d).

Rule 11 sets out strict procedural requirements for motions for sanctions. First, the motion must comply with the safe harbor provision of Rule 11. FED. R. CIV. P. 11(c)(2). The safe harbor provision that directs that a motion for sanctions "shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the Court may prescribe), the challenged [pleading] is not withdrawn or appropriately corrected." FED. R. CIV. P. 11(c)(1)(A).

"This 'safe harbor' provision . . . contemplates such service to give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention. The plain language of the rule indicates that this notice and opportunity [to cure] prior to filing is mandatory." *Laughlin v. Falcon Operators, Inc.*, No. CIV.A. 00-1484, 2001 WL 474282, at *1 (E.D. La. May 3, 2001) (quoting *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). The requirements of Rule 11(c)(2) are strictly enforced. *Thomas v. Chambers*, No. CV 18-4373, 2018 WL 5279122, at *4 (E.D. La. Oct. 24, 2018); *see also Elliott*, 64 F.3d at 216 (holding that the district court's imposition of sanctions under Rule 11 was an abuse of discretion because the party seeking sanctions did not serve its motion for sanctions against the opposing party at least 21 days prior to filing); *Ports Am. Gulfport, Inc. v. Johnson*, No. CV 22-455, 2023 WL 35776, at *2 (E.D. La. Jan. 3, 2023) (denying sanctions where plaintiff was not afforded the entire 21-day safe harbor period to withdraw claims); *Richardson v. U.S. Bank Nat'l Ass'n*, No. 09-7383, 2010 WL 4553673, at *1 (E.D. La. Oct. 29, 2010) (denying motion for sanctions for failure to comply with the requirements in Rule 11(c)).

### III. <u>Analysis</u>

Accountable contends that HCR should be sanctioned under Federal Rule of Civil Procedure 11 for filing frivolous motions and making false representations to the Court in its discovery motions. Accountable further contends that HCR's Discovery Responses were late and insufficient, and that HCR's bad faith discovery tactics are ongoing. Accountable also contends that HCR should be sanctioned because HCR made "harassing demands" upon Accountable's corporate representative, Ms. Laurie Ramge, in advance of her Rule 30(b)(6) deposition.

HCR contends that Accountable's request for sanctions under Rule 11 is legally invalid. HCR further contends that sanctions under Rule 37 are inapplicable. HCR also contends that its requests to Accountable's corporate representative, Ms. Ramge, were proper, and that its corporate representative, Ms. Lim, was adequately prepared for her deposition.

#### A. Sanctions Under Federal Rule of Civil Procedure 11

Accountable argues that the Court should levy sanctions against HCR under Federal Rule of Civil Procedure 11 because HCR filed its April 25 Motion to Compel before Accountable's deadline to respond to HCR's discovery requests had expired. Accountable further contends that HCR should be sanctioned because HCR attempted to file its Supplemental Memorandum to its April 25 Motion to Compel after the Court had already denied the motion. Accountable further contends that HCR's June 6 Motion to Compel is frivolous because it was filed before Accountable's discovery responses were due and seeks documents that were requested for the first time on May 26, 2023.[12] Accountable also contends that HCR's Rule 37 Certification in its June 6 Motion to Compel is false.

---

[12] Accountable also contends that HCR's opposition to Accountable's Motion for Summary Judgment was devoid of support and citations for the factual assertions made by HCR. In footnote 11, Accountable refers the Court to "R. Doc. 44-2, p. 3 concerning HCR's denial of Accountable's Material Facts 5 and 6; *see also* R. Doc 61, and 61-

11

HCR argues that Accountable's request for sanctions is legally invalid because Federal Rule of Civil Procedure 11(d) explicitly proscribes discovery motions from sanctions under Rule 11.

Here, Accountable's motion for sanctions does not comply with the requirements of Rule 11. Accountable's motion improperly seeks sanctions for discovery-related motions and disclosures because each of HCR's allegedly sanctionable actions relate to motions filed under Rule 37. *See* R. Doc. 53 (HCR's April 25 Motion to Compel); R. Doc. 73 (HCR's Supplemental Memorandum to its April 25 Motion to Compel); R. Doc. 78 (HCR's June 6 Motion to Compel); R. Doc. 78 at 1 (HCR's Rule 37 Certification in its June 6 Motion to Compel).[13]

Furthermore, the Court promptly denied HCR's April 25 Motion to Compel because it sought premature relief. Though HCR's attempt—on June 1, 2023—to supplement its April 25 Motion to Compel that the Court denied on April 27, 2023 wastes judicial resources, it is not the type of sanctionable activity contemplated by Rule 11 and was promptly denied by the Court.

Finally, although HCR's filing its June 6 Motion to Compel a mere eleven days after making a verbal request for discovery—and three days prior to the discovery deadline—

---

1; *see also* R. Doc. 74, Footnotes 1 and 3." R. Doc. 82-1 at 7 n.11. The Court notes that Local Rule 7.4 requires that all facts and evidence supporting the assertions in a motion must be filed with that motion. Because Accountable's assertions are not supported by evidence filed with the instant motion, the Court will not consider the assertions made in footnote 11 of Accountable's Memorandum in Support.

[13] In response to an email sent by HCR on June 19, 2023, requesting that Accountable withdraw its Motion for Sanctions, Accountable stated that the exhibits HCR attached to its Opposition omitted a portion of the email correspondence pertaining to the Rule 37 conference. Def.'s Ex. 12 at 1-2, R. Doc. 95-1.

HCR's opposition states that Accountable's counsel did not respond to either of HCR's emails from June 14, 2023 or June 19, 2023. HCR attached the emails to its Opposition as Exhibit 1. R. Doc. 87 at 7. HCR's Exhibit 1 does not include Accountable's reply. *Compare* Pl.'s Ex. 1 at 1, R. Doc. 87-1, *with* Def.'s Ex. 12 at 1-2, R. Doc. 95-1. HCR's Reply "agrees that it inadvertently" stated that Accountable's counsel failed to respond to its June 14 or June 19 email and states that it "was an unintentional error." R. Doc. 119 at 3. HCR further states that its error "was completely irrelevant and immaterial to anything." *Id.*

demonstrates a flagrant disregard for the Federal Rules of Civil Procedure and established custom, the Court denied HCR's Motion to Compel as untimely.

Because Federal Rule of Civil Procedure 11(d) specifically excludes sanctions for motions made under Rule 26 to 37, Accountable's motion for sanctions under Rule 11 must be denied.

**B.     Sanctions Under Rule 37**

Accountable contends that the HCR's discovery responses have been insufficient, late, or otherwise objectionable.

HCR contends that Rule 37 sanctions are unavailable because it only provides sanctions in connection with a motion to compel, and Accountable's instant motion is untethered from any such motion.

Federal Rule of Civil Procedure 37(b) authorizes courts to appropriately respond to and deal with parties who have disobeyed discovery orders. *Orrill v. Mortg. Elec. Registration Sys., Inc.*, No. CV 06-10012, 2008 WL 11352609, at *4 (E.D. La. May 23, 2008) (Roby, J.) (citing *Chilcutt v. United States*, 4 F.3d 1313, 1319–1320 (5th Cir. 1993)). Typically, Rule 37(b) sanctions are not available until the court has issued a specific discovery order, orally or in writing, instructing a party to submit to discovery so it is clear that the offending party has been alerted to what is required and the potential seriousness of noncompliance. *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. CV 15-01533, 2017 WL 6388511, at *5 (E.D. La. Dec. 14, 2017) (Roby, J.).

Here, there is no underlying discovery order that either party has disobeyed. HCR's April 25 Motion to Compel was denied as premature, HCR's June 6 Motion to Compel was denied as untimely, and Accountable's June 9 Motion to Compel was also denied as untimely. Therefore,

even if Accountable had properly brought its request for sanctions under Rule 37, Accountable is not entitled to relief as no discovery order eligible for sanctions been issued in this case.

**C.     Corporate Deposition Process**

Accountable contends that HCR abused the Rule 30(b)(6) process by sending repeated emails demanding that its corporate representative, Ms. Ramge, "review hundreds, to thousands, of pages of documents." R. Doc. 82-1 at 5. Accountable further contends that HCR's corporate representative, Ms. Lim, testified that she spent only one hour preparing for her Rule 30(b)(6) deposition.

HCR contends that it did not inundate Ms. Ramge with thousands of pages of documents in order to harass her. HCR asserts that Ms. Ramge was advised in advance of the specific areas of inquiry that would be made at the deposition. HCR also contends that its corporate representative, Ms. Lim, was adequately prepared for her deposition.

Federal Rule of Civil Procedure 30(d)(2) permits a court to impose "an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

Given that only four pages of a deposition transcript have been provided to the Court, it is impossible to know whether HCR's requests were proper. The Court does not have any evidence indicating how many pages of documents HCR requested Ms. Ramge review in advance of her deposition. Furthermore, Accountable does not contend that the deposition of Ms. Ramge was impacted by HCR's requests. Accountable does not contend that the deposition of Ms. Lim was impeded, delayed, or frustrated by her alleged lack of preparation. The Court, therefore, declines to impose any sanction under Rule 30(d)(2).

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Sanctions (R. Doc. 82)** is **DENIED**.

New Orleans, Louisiana, this 30th day of November 2023.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**