UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEALTHCARE RECRUITERS, LLC** | **CIVIL ACTION NO: 22-CV-2322** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **ACCOUNTABLE HEALTHCARE STAFFING, INC.** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## ORDER AND REASONS

On March 22, 2023, Accountable filed a motion for summary judgment as to Healthcare Recruiters's breach of contract claims against it. R. Doc. 26. After Healthcare Recruiters filed its opposition, Accountable filed a reply brief arguing, among other things, that Healthcare Recruiters's opposition fails to address the alleged lack of evidence regarding certain material facts, and fails to specifically cite to evidence in the record to support a number of its material facts. R. Doc. 44-1 at 1-2. On November 17, 2023, Healthcare Recruiters filed the instant motion seeking an opportunity to supplement its statement of material facts and include additional exhibits in order to cure the alleged deficiencies Accountable raised in its reply brief. Healthcare Recruiters argues it should be afforded the opportunity to supplement its opposition under Federal Rule of Civil Procedure 56(e), which provides "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertions of fact as required by Rule 56(c), the court may," among other things, "give an opportunity to properly support or address the fact." FED. R .CIV. P. 56(e).

The Court declines to allow Healthcare Recruiters an opportunity to amend its opposition to Accountable's motion for summary judgment. Notably, the Court has allowed a number of supplementations, clarifications, and opportunities for additional argument since Accountable's motion was submitted on April 18, 2023. On April 25, 2023, for example, Judge Vitter, to whom

this case was originally assigned, allowed Healthcare Recruiters to supplement its opposition with an audio recording. R. Doc. 52. Thereafter, on October 11, 2023, after this case was transferred to Section P of this Court, the undersigned granted Healthcare Recruiters's motion to file a second supplemental opposition.[1] R. Doc. 124. At the time of these filings, Healthcare Recruiters knew of the alleged deficiencies in its opposition, and offers no reason why the first two supplemental oppositions could not have contained the changes Healthcare Recruiters now seeks to make. Healthcare Recruiters has had ample opportunities to correct the alleged errors in its opposition to summary judgment and raise the additional arguments it raises in its proposed amended statement of material facts. The Court is also not persuaded by Healthcare Recruiters's arguments that Accountable will suffer no prejudice by the amendment because the proposed amendment includes exhibits to which Healthcare Recruiters already had access. Even assuming these additional exhibits would not prejudice Accountable, Healthcare Recruiters's proposed amended statement of material facts also includes newly raised legal arguments to which Accountable would be forced to respond. The Court finds that whatever importance the proposed amendment carries is substantially outweighed by risk of prejudice to Accountable. Good cause does not exist to allow yet another supplemental opposition nearly eight months after Accountable's motion was submitted for consideration. Accordingly,

---

[1] Both Judge Vitter and the undersigned have allowed Healthcare Recruiters at least two other opportunities to further argue against Accountable's motion for summary judgment. On May 3, 2023, Accountable filed a supplemental brief, and on May 26, 2023, Judge Vitter granted a motion by Healthcare Recruiters to amend its response to Accountable's supplemental brief. R. Docs. 61 and 69. Then, on June 21, 2023, this Court granted a request by Healthcare Recruiters for oral argument as to Accountable's motion for summary judgment, as well as other motions. R. Doc. 89. While these opportunities would not have been the appropriate vehicles through which to make the amendments Healthcare Recruiters seeks to make in the instant motion, it does speak to the many opportunities the parties—particularly Healthcare Recruiters—have had to support their positions regarding Accountable's motion for summary judgment. A review of the record in this case shows the motion has been fully briefed, argued, and otherwise litigated, and the Court is prepared to rule on the motion with the information and arguments it has before it.

**IT IS ORDERED** Healthcare Recruiters's Motion for Leave to File Under Federal Rule of Civil Procedure 56(e) Supplemental Exhibits and Amended and Supplemental Statement of Contested Facts (Record Document 128) is **DENIED**.

New Orleans, Louisiana this 18th day of December 2023.

                                                  **DARREL JAMES PAPILLION**
                                                  **UNITED STATES DISTRICT JUDGE**